### ELIZABETH A. SMITH v. C. H. MILLER.

#### (Filed 6 April, 1909.)

**Petition to Rehear—Former Opinion—Interpretation.**

> In this petition to rehear it is held that the former decision declared only that the court had no power to invest the fund, under the facts and circumstances of the case, and that the land must be sold and the heirs reimbursed, subject to any legal charges and liens upon the fund which a court of law or equity would allow in the further disposition of the case.

No counsel for plaintiff.
*A. S. Barnard* and *F. A. Sondley* for defendant.

WALKER, J. This is a petition filed by C. H. Miller to rehear the former decision and judgment of this Court. The petitioner complains that the Court did not pass upon his exceptions to the rulings of *Judge Peebles* in the court below, which were adverse to him and related to certain allowances which he claims should be paid to him out of the fund as a prior lien thereon.

The only question intended to be decided by us at the last term (151 N. C., 620) was as to the power of the court to order an investment of the proceeds of sale before any sale of the property had been made, and before it could be ascertained, with any degree of certainty, whether the said proceeds would be sufficient for the improvement of the other property, as contemplated by the former order of the Court. We, therefore,

merely directed a sale of the property by the commissioner, W. R. Whitson, and a report of the sale to the court, and it was not our purpose to deprive the petitioner in this case of any rightful claim or lien he has upon the fund to be realized, as between him and the heirs or the owners of the property which is to be sold. Our decision was, it is true, that the heirs should be reimbursed; but if, as contended by the petitioner, he is entitled to a lien upon the fund, as against the heirs, or to be preferred in the distribution of the proceeds of the sale, on account of commissions justly due him, or by reason of any other claim he has preferred and which constitutes a prior lien upon said proceeds, he is not deprived, by that decision, of asserting such prior lien, and his exceptions, as we said in the former opinion, will be considered without reference to the fact that we have merely ordered a sale of the premises and a report to the court, and refused to pass upon the exceptions until the clear amount of the proceeds of the sale could be ascertained.

What we have said in regard to the petition of C. H. Miller is clearly applicable to the exceptions of the other claimants, which will be hereafter considered by the court below, and on appeal, by us, if it becomes necessary to do so, when the amount of the fund, as we have said above, can be known, so that we can pass intelligently upon all of the exceptions. It may be, as argued by counsel, that the rulings of the referee, which were affirmed and which have not been questioned by exception or appeal, should prevail at the final hearing of the case, and, as at present advised, we do not see why such a course should not be adopted, as being authorized by the law, although we do not commit ourselves to a decision upon that question.

Our conclusion is that the former decision is sufficiently explicit to show that the petitioner and the other parties, who claim that they have a lien upon the fund, will not be prejudiced hereafter, by reason of our refusal to pass upon their exceptions at the time we made the decision. If the property in the hands of the heirs is, as between them and any of the claimants, subject to a charge or lien for its preservation, or for the payment of taxes or any other encumbrance of a like nature, this question will be open for consideration and decision in the court below, when the report of the commissioner, W. R. Whitson, is made to the court.

All we have decided is that the court had no power to invest the fund, under the facts and circumstances of this case, and that the land must be sold and the heirs reimbursed, subject, of course, to any just and legal charges or liens upon the fund which the heirs should, in law and good conscience, be required to pay.

The prior right of the heirs to reimbursement is established by our former decision, but the amount they will receive will depend, necessarily, upon the extent of the liens or charges which may be adjudged against their share of the proceeds, by reason of any sum paid out by the petitioner, and which the court may hereafter decide should be deducted therefrom and paid to the proper claimant of the same.

We do not reverse or modify our former decision, but simply declare, by this opinion, that the legal rights of the claimants, who have excepted, shall be preserved until the land is sold and the final hearing is had upon the report of the commissioners.

Petition dismissed.